**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LAILA GHREIZI RAWDAH EL BALAH,   ) | |
| ) | CASE NO.   1:08-CV-2201 |
| Plaintiff,   ) | |
| ) | |
| v.   ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| RAJA ANIS EL-JURDI,   ) | |
| ) | MEMORANDUM AND ORDER |
| Defendant.   ) | Doc. No. 18 |

Before the court is the parties' joint motion to stay the court's Order of April 16, 2009. Doc. No. 18.  For the reasons given below, the motion is DENIED.

On April 16, 2009, the court found that Lebanese law should be applied to the claims asserted in this case. Order, April 16, 2009 ("Order"). Doc. No. 16.  The court ordered the parties to brief the issue of the court's jurisdiction and the issue of *forum non conveniens*. The court told the parties that if they used Lebanese law in supporting arguments addressing either issue, they must provide the court with the applicable statutory law and caselaw, provide translations of the applicable law when necessary, and provide expert testimony in support of their interpretations of Lebanese law.  The court ordered the parties to file briefs addressing these issues on or before May 15, 2009.

On May 1, 2009, defendant filed a motion to dismiss plaintiff's complaint pursuant to the doctrine of *forum non conveniens.*  Doc. No. 17.  On May 7, 2009, the parties filed the joint motion currently before the court, requesting a stay of the court's Order until the

court rules on the pending motion to dismiss.

The court is sympathetic to the parties' concern that the use of experts in briefing issues of Lebanese law will be costly. Upon consideration, however, the court must deny the motion for two reasons. First, the issue of jurisdiction is necessarily prior to all other issues before the court. If the court lacks jurisdiction, then any action the court takes would be a legal nullity. Second, having read defendant's motion to dismiss, it is clear that issues resolvable only by recourse to Lebanese law inextricably permeate both the issue of jurisdiction and the issue of *forum non conveniens*. Any brief arguing *forum non conveniens* must discuss whether the alternative forum would recognize the claims asserted here, would have jurisdiction over the claims, would raise any barriers preventing the parties from raising their claims in the alternative forum, would allow the parties to compel the attendance of witnesses, and would raise unnecessary problems regarding conflict of laws. Defendant's motion to dismiss, for example, raises issues that must be resolved by the use of expert testimony regarding Lebanese law. These include whether civil and criminal actions are intertwined in Lebanon, whether Lebanon employs a system of civil law rather than a system of common law, whether Lebanese law prohibits legal actions asserting the same claim against the same party in two different courts, whether the parties would have difficulty compelling depositions in Lebanon, and whether plaintiff's causes of action could be asserted under Lebanese law. Defendant's assertions regarding all of these matters are unsupported by the sworn testimony of an expert in Lebanese law. Consequently, they are merely unsupported allegations.

The parties cannot avoid the cost of expert testimony by a stay of the court's Order. Given that the issue of jurisdiction must be decided prior to the issue of *forum non*

*conveniens*, there is no justification for staying the court's Order while the parties brief the pending motion to dismiss and the court rules on it.  For these reasons, the joint motion is DENIED.

The court extends the deadline for filing responses to the court's Order to May 22, 2009.

IT IS SO ORDERED.


Date:  May 8, 2009              /s/ *Nancy A. Vecchiarelli*
                                U.S. MAGISTRATE JUDGE